UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DENNIS J. MORIARTY,**<br><br>                              Plaintiff,<br><br>     -vs-<br><br>**ERIN SERVICES CO., LLC and**<br>**NIAGARA CREDIT SOLUTIONS, INC.,**<br><br>                              Defendants. | *Civil Action No.* _____ |

## COMPLAINT & DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff Moriarty brings this action for actual and statutory damages resulting from the Defendants' various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), a law that prohibits debt collectors from using abusive, deceptive, and unfair practices in an attempt to collect a debt.

### JURISDICTION & VENUE

2. This honorable Court possesses jurisdiction over this matter pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Additionally, venue in this district arises pursuant to 28 U.S.C. §1391(b) since the Defendants transact business here and the conduct complained of occurred here.

### PARTIES

4. Plaintiff Dennis J. Moriarty is a natural person residing in the County of Monroe, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Erin Services Co., LLC, (hereinafter "ESC") is a domestic limited liability company organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant Niagara Credit Solutions, Inc., (hereinafter "NCS") is a domestic business corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Any and all acts of the Defendant hereinafter alleged were performed by Defendant's employees, while under the scope of the Defendant's actual or apparent authority.

8. Any and all references to "Defendant" herein shall include the Defendant and/or an employee of the Defendant.

### BACKGROUND INFORMATION

9. That Plaintiff Moriarty incurred and later defaulted on a debt to Citibank.  Said debt will hereinafter be referred to as "the subject debt."

10. The subject debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5), as it arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

11. That the subject debt account was ultimately purchased by Defendant Erin Services Co., LLC, who thereafter obtained a judgment against Plaintiff Moriarty in Rochester City Court.

12. That upon being contacted by counsel for Defendant ESC, Plaintiff Moriarty settled the subject debt account in full, and obtained a letter confirming the same.  *See attached "Exhibit A."*

### FACTUAL ALLEGATIONS

13. That upon information and belief, despite having settled the subject debt in full, Defendant Erin Services Co., LLC sold, transferred or assigned the subject debt account to Defendant Niagara Credit Solutions, Inc.

14. That in or about September of 2010, Defendant NCS called Plaintiff Moriarty by telephone. During the course of the telephone conversation that ensued, Defendant proclaimed that Plaintiff still owed the subject debt, that the balance had increased, and that if Plaintiff did not make arrangements to pay the debt right away, Defendant NCS would "take action" to contact Plaintiff's employer and garnish his wages.

15. That Plaintiff Moriarty disputed Defendant NCS's claim that he owed the debt and explained that he had already settled the same in full.  However, Defendant NCS refused to accept Plaintiff's representation, insinuated that he was lying and threatened once again that Plaintiff's wages would be garnished.

16. That at no time during the aforementioned telephone conversation did Defendant NCS provide Plaintiff Moriarty with disclosures required by 15 U.S.C. §1692e(11).

17. That in addition, Defendant NCS never provided Plaintiff a written notice of the subject debt or his rights as a "consumer," as required by 15 U.S.C. §1692g(a).

18. That as a result of Defendant NCS's threats, Plaintiff Moriarty became very worried that said Defendant would contact his employer in an attempt to garnish his wages, even though he knew that the subject debt had already been settled in full with Defendant ESC.

19. That as a result of the Defendants' conduct, Plaintiff Moriarty became worried, anxious, frustrated, offended, upset and otherwise suffered from emotional distress.

### CAUSE OF ACTION

20. The aforementioned acts and omissions of the Defendants have violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

21. Defendant ESC violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(2)(A) by using false, deceptive and/or misleading representations to collect a debt, by representing to Defendant NCS that the subject debt was still owed, despite the fact that the same had already been settled in full.

22. Defendant NCS violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by using language the natural consequence of which was to abuse Plaintiff by threatening to contact his employer, by threatening to garnish his wages (on more than one occasion) and by insinuating that Plaintiff was lying about having settled the subject debt account in full.

23. Defendant NCS violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(4), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(8) and 15 U.S.C. §1692e(10), by falsely threatening to garnish Plaintiff's wages, threatening that failure to pay Defendant right away would result in having Plaintiff's employer contacted, and by misrepresenting that the subject debt balance had increased.

24. Defendant NCS violated 15 U.S.C. §1692f and 15 U.S.C. §1692f(1) by using unfair practices to attempt to collect the subject debt, by threatening to contact Plaintiff's employer if he refused to pay right away and by otherwise attempting to collect a debt to which Defendant NCS was not authorized by law or agreement to collect.

25. Because of both of the Defendants' various aforementioned violations of the FDCPA, Plaintiff Moriarty became worried, upset, offended, and otherwise suffered from emotional distress.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Moriarty respectfully requests that this honorable Court enter judgment against each of the Defendants for:

(a) Actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

(b) Statutory damages of $1,000.00 per Defendant, pursuant to 15 U.S.C. §1692k(a)(2)(A);

(c) Costs and disbursements of this action, together with reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); *and*

(d) For any and all additional relief as this honorable Court may deem just and proper.

<u>**JURY DEMAND**</u>

Please take notice that Plaintiff Moriarty demands a trial by jury in this action.

Date: October 27, 2010

/s/Frank J. Borgese
Frank J. Borgese, Esq.
Graham Law, P.C.
*Attorneys for the Plaintiff*
1207 Delaware Ave., Suite 202
Buffalo, New York 14209
fborgese@grahamlawpc.com
716.200.1520

4